UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

******************************************

JOSEPH MC ELROY
        Plaintiff

Vs.

CITY OF TORRINGTON
JAMES POTTER
CAROLANN KENNEDY
THOMAS TELMAN
ROBERT ZORDAN
KENNETH FUCHSMAN
CHRISTOPHER JANCO
JAYE GIAMPAOLO
JOHN B. FIELD, JR.
        Defendants

CIVIL ACTION NO.

3:02 CV 01525 (AVC)

JANUARY 2, 2004

******************************************

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56 and Local Rule 56, the City of Torrington, James Potter, Carolann Kennedy, Thomas Telman, Robert Zordan, Kenneth Fuchsman and Christopher Janco have moved for summary judgment in the captioned matter and submit the following Memorandum of Law in support of their Motion for Summary Judgment of even date.

## I. BACKGROUND AND STATEMENT OF FACTS

In complaints dated August 28, 2002, Kevin Hayes and Joseph McElroy brought separate actions against the City of Torrington, James Potter, Carolann Kennedy, Thomas Telman, Robert Zordan, Kenneth Fuchsman, Christopher Janco (Members of the Board of Public Safety), and Jaye Giampaolo and John B. Field, Jr., (Chief and Acting Deputy Chief of the Torrington Fire Department). **Complaints, Exhibits A and B.** Except for their names, and the difference in their rankings on scored tests, these complaints are identical. **Exhibits A and B.**

Both plaintiffs contend that their rights were violated when they were not promoted, in June 2001, to the two open captain positions in the Fire Department and they premise their alleged right on the fact that they had scored first (McElroy) and second (Hayes) on the scored portions of the qualifying examinations. **Exhibits A and B.**

The plaintiffs make no claim that there was any irregularity in the testing or the posting as required under the Collective Bargaining Agreement. **Exhibits A and B; Collective Bargaining Agreement (hereinafter CBA), Exhibit C, pp. 42 to 43.** Instead, the plaintiffs contend that, because of their test scores, their qualifications and the past and standard practice, they were entitled to be promoted to the open positions. **Exhibits A and B.**

-2-

The plaintiffs have admitted that the Collective Bargaining Agreement governs the terms and conditions of promotions within the City of Torrington Fire Department. **Deposition of Hayes, Exhibit K, pp. 95 to 98 and 107 to 108; Deposition of McElroy, Exhibit L, pp. 23 to 25.** The Collective Bargaining Agreement provides, in Article XXIX, that all promotions in the Department are to be made by the Board of Public Safety; candidates are to take written and oral examinations; the scores on those examinations are to be combined with seniority points; and, the final scores are to be posted. **CBA, Exhibit C, pp. 41 to 43.** The Collective Bargaining Agreement further provides:

> e. The top four (4) applicants' names shall be submitted to the Board of Public Safety in order of their scores and said Board of Public Safety shall select any one (1) of said candidates and appoint to the position forthwith.

**CBA, Exhibit C, p. 43.**

The Collective Bargaining agreement applicable to the promotions at issue in this matter was operative from 1997 through 2001. The provisions of that agreement as to promotion are identical to the provisions of the prior Collective Bargaining Agreement between the Union and the City of Torrington. **Collective Bargaining Agreement, Exhibit D, pp. 49 to 51.**

Members of the City of Torrington Board of Public Safety are elected officials who serve without pay. **Affidavits of Fuchsman, Janco, Kennedy, Potter, Telman and Zordan,**

-3-

**Exhibits E through J, paragraphs 2 and 3.** As to the promotions at issue in this matter, the Board of Public Safety members were presented with the four highest-scoring candidates for their consideration as to the two open captain positions and based their decisions on the portfolios presented and the information provided by Chief Field as to the leadership qualities of the four candidates. **Affidavits of Fuchsman, Janco, Kennedy, Potter, Telman and Zordan, Exhibits E through J, paragraphs 7 and 8.**

The members of the Board were faced with a difficult situation at the time of the consideration of these promotions in that the morale of the Fire Department was low because of difficulties the Department had faced in the prior year, and the Board members were challenged to select for promotion those individuals whom they believed would best strengthen the leadership the Department needed and boost the Department's morale. **Affidavits of Fuchsman, Janco, Kennedy, Potter, Telman and Zordan, Exhibits E through J, paragraphs 4, 6 and 7.**

The members of the Board understood that they were to exercise their discretion in deciding upon promotions from among the four highest-scoring candidates. **Affidavits of Fuchsman, Janco, Kennedy, Potter, Telman and Zordan, Exhibits E through J, paragraph 5.** The decisions of the members of the Board were premised on the best interests of the City of Torrington. **Affidavits of Fuchsman, Janco, Kennedy, Potter, Telman and Zordan, Exhibits**

HOWARD, KOHN SPRAGUE & FITZGERALD, LLP • ATTORNEYS-AT-LAW
237 BUCKINGHAM STREET • P.O. BOX 261798 • HARTFORD, CT 06126-1798 • (860) 525-3101 • JURIS NO. 28160

**E through J, paragraph 12.** The members of the Board: considered the candidates on an equal basis; did not have any ill will toward any of the candidates; and, did not harbor any intent to treat any of the candidates unfairly. **Affidavits of Fuchsman, Janco, Kennedy, Potter, Telman and Zordan, Exhibits E through J, paragraphs 9, 10 and 11.**

After announcement of the promotions, Chief Field wrote to both Lieutenant Hayes and Lieutenant McElroy, advising them of the decision of the Board, and offering to discuss the matter with them. **Exhibits N and O.** Thereafter, the plaintiffs filed union grievances for which Chief Field found no basis in light of the provisions of the Collective Bargaining Agreement. **Exhibits P, Q and R.** The plaintiffs continued to pursue their grievance complaints and those matters continue to be open and undecided. **Deposition of Hayes, Exhibit K, pp. 87-88; Deposition of McElroy, Exhibit L, pp. 48-49.**

The plaintiff has brought suit against the defendant City of Torrington, premised on the actions of the other named defendants, and has asserted that his suit against the individual defendants is for actions taken in their official capacities but suit is in their individual capacities. **Exhibits A and B.** In light of the facts as set forth above and in the appended Rule 56 Statement, and in light of the governing law, the undersigned defendants have moved for summary judgment and submit this memorandum of law in support thereof.

-5-

## II. ARGUMENT

### A. Standards for The Entry of Summary Judgment

This court has recently reviewed the standard to be applied in addressing a summary judgment motion and has stated:

> Summary judgment will be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party carries the initial burden of demonstrating an absence of a genuine issue of material fact. Fed.R.Civ.P. 56; Celotex Corp. v. Catrett, 477 U.S. 317 323 (1986). Facts, inferences therefrom, and ambiguities must be viewed in a light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); Ametex Fabrics, Inc. v. Just In Materials, Inc., 140 F.3d 101, 107 (2d Cir. 1998). A genuine issue of fact is one that, if resolved in favor of the non-moving party, would permit a jury to return a verdict for that party. R.B. Ventures, LTD v. Shane, 112 F.3d 54, 57 (2d Cir. 1997)(citing Anderson, 477 U.S. at 248).

Armstead v. Stop & Shop Cos., Inc., 2002 WL 770732, *2-3 (D.Conn. 2002).

These defendants submit that they are entitled to summary judgment under the undisputed facts and the applicable law, discussed below.

### B. Plaintiff's Claim Must Fail Under the Law Because of the Lack of a Property Interest in the Promotion About Which Plaintiff Complains

Fundamental to the plaintiff's claims against these defendants is whether the law

-6-

recognizes that the plaintiff had a property interest in being promoted to the position of captain. Property interests under the Due Process Clause of the Constitution do not arise out of a person's needs, desires, or subjective expectations. Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Perry v. Sindermann, 408 U.S. 593, 604, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). Indeed, the United States Supreme Court has quite clearly stated that, in order to establish the threshold issue of a property interest, a claimant must ". . . have a legitimate claim of entitlement to . . . [the claimed property interest]" Roth, supra, 408 U.S. at 577.

The Second Circuit has made it quite clear that there is no property interest in a promotion premised on contentions such as those set forth by the plaintiff in this case. In McMememy v. City of Rochester, 241 F.3d 279 (2d Cir. 2001), the court rejected the plaintiff's contention of the existence of a property interest in a promotion based on the Chief's alleged promise of such a promotion, and held that any such promise " . . . did not strip the Chief of his discretion once a position did become available." Id. at 286. It is most important to note that, as in the instant matter, in McMenemy, the decision-making authority as to promotions was vested with discretion, and that constituted the basis for the rejection of plaintiff's claim of an entitlement that warranted constitutional protection. Id. at 286.

-7-

In accord with McMenemy are: Stuart v. Roache, 951 F.2d 446 (1st Cir. 1991), cert. denied, 504 U.S. 913 (1992) (". . . where an appointing authority may consider factors in addition to the applicant's ranking on an eligibility list, a police officer's expectation of promotion based on that list will not rise to the level of a 'property interest' entitled to constitutional protection." Id. at 455); Bigby v. City of Chicago, 786 F.2d 1053 (7th Cir. 1985) (no right to promotion where promoting official is authorized to choose among the highest-rated applicants and no criteria are provided for the choice); Meyer v. City of Joplin, 281 F.3d 759 (8th Cir. 2002) (police officer who had highest score on examination did not have a property interest in promotion where governing charter provided that promotion was to be made, in addition to scores on competitive examinations, on subjective qualifications as to merit and fitness); Nunez v. City of Los Angeles, 147 F.3d 867 (9th Cir. 1998) (in light of contingencies inherent in the promotion process, police officer did not have a property interest in promotion);

As the Supreme Court directed in Roth, recognizable property interests are not created by the Constitution, but arise from an independent source such as state law. The plaintiff in this matter can point to nothing in Connecticut law that provides him with a basis on which to assert a property interest. Indeed, Connecticut law is to the contrary. In a decision in which the plaintiff asked the court to recognize a property right in his loss of job opportunities, including a

-8-

promotion in the police department, the Connecticut Supreme Court stated:

> The plaintiff, however, has failed to establish a legitimate claim of entitlement to any of these benefits or opportunities; neither the hope for professional advancement, nor a unilateral anticipation of possible job-related perquisites gives rise to a constitutionally protected property interest.

Hunt v. Prior, 236 Conn. 421, 439 (1996).

In a well-reasoned decision in which the plaintiff complained that he was passed over for promotion to the position of lieutenant in the New Haven Police Department despite the fact that he had a higher test score than others, Connecticut Superior Court Judge Blue held that there was no property right on which plaintiff could premise his claim:

> Although one's actual job as a tenured civil servant is property, see, e.g., Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538-39, 105 S.Ct. 1487, 84 L.Ed.2d 494 ... (1985), the prospect of a promotion is not in the same category." Nunez v. City of Los Angeles, 147 F.3d 867, 871 (9th Cir.1998). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). [See also, Hunt v. Prior, 236 Conn. 421, 436-37, 673 A.2d 514 (1996)]. No property interest of this description exists here. "Promotion to lieutenant's rank is not a matter of right and is not governed by fixed rules which if complied with automatically entitle the applicant to promotion." Bigby v. City of Chicago, 766 F.2d 1053, 1057 (7th Cir.1985), cert. denied, 474 U.S. 1056, 106 S.Ct. 793, 88 L.Ed.2d 771 (1986). See, Nunez v. City of Los Angeles, supra, 147 F.3d at 872 (collecting authorities).

-9-

Bombalicki v. Pastore, et al., 2001 WL 267617, *3.  In accord is Broadnax, et al v. New Haven, 2000 WL 1871893 (plaintiffs' complaint challenging the promotional practices in the City Fire Department stricken because of the lack of any property interest in promotion).

Clearly, plaintiff cannot invoke Connecticut law to support his claim of a property interest in the promotion to captain.  In fact, Connecticut law specifically and explicitly provides to the contrary.

Furthermore, plaintiff cannot point to any contractual basis for his claim of a property interest.  Again, on the contrary, under the provisions of the very contract that governs the promotion that is at issue in this matter, the determination by the Board of Public Safety as to the promotion to captain, from the four highest-scoring candidates, is completely within the discretion of the Board.  The contract provides that all promotions are to be made by the Board of Public Safety, and that, after scoring on written and oral examinations and seniority:

> e.    The top four (4) applicants' names shall be submitted to the Board of Public Safety in order of their scores and said Board of Public Safety shall select any one (1) of said candidates and appoint to the position forthwith.

AGREEMENT BETWEEN LOCAL - 1567, I.A.F.F.-A.F.L.-C.I.O. AND THE CITY OF TORRINGTON, 1997 - 2001, **Exhibit C, Article XXIX, Section 1, page 43.**

    Plaintiff was one of the four highest-scoring candidates and his name was submitted to the Board of Public Safety, which considered him and exercised its discretion pursuant to the terms of the contract between the plaintiff's union and the City of Torrington. The contract does not provide that, of the four highest-scoring individuals, candidates must be promoted according to their test scores. The contract does not provide that candidates must be promoted to open positions because they have had some experience in an "acting" capacity for the position to which they would like promotion. The contract does not provide that candidates must be promoted on identical bases as may have been employed in the past. Instead, the contract provides that the Board of Public Safety may promote from any of the four highest-scoring candidates. Furthermore, this was not a new contractual provision in the 1997-2001 contract. The very same provision can be found in the prior union contract for the period of 1995 through 1997. **Exhibit D, page 51.** There is no property right stemming from this contract.

    In light of the lack of any law or contractual provision to serve as a basis for plaintiff's claimed property interest, there is simply no basis for plaintiff's claim in the instant matter. Nor can plaintiff controvert that basic tenet under an assertion that a prior practice served as

-11-

entitlement to promotion. In the first place, there is nothing in the law of the State of Connecticut, nor in the contract that controls in this matter, that makes any reference to past practice as a guide for decision-making as to promotion. Furthermore, the contract that the plaintiffs' own union entered on behalf of plaintiff and other firefighters itself permits the Board of Public Safety to make its decision based on the exercise of discretion (and as is discussed below, the Board's exercise of its discretion was founded on sound and rational principles and considerations.).

Moreover, any claim of a custom or past practice as establishing a property interest in circumstances such as those in the instant matter is clearly controverted by the law as set forth above. See also: Beacon Journal Publishing Company v. Akron Newspaper Guild, Local Number 7, 114 F.3d 596, 601 (6th Cir.1997) (custom and past practice may not be invoked when the provisions of the collective bargaining agreement are clear and unambiguous); Bobash v. City of Toledo, 129 Ohio App.3d 202, 207-208, 717 N.E.2d 725 (1998), (where collective bargaining agreement is clear in giving the decision-maker discretion to decide among the 3 highest-scoring candidates, custom and practice does not alter or otherwise affect the interpretation and application of that contract). Compare Ezekwo v. NYC Health & Hospitals Corp., 940 F.2d 775 (2d Cir. 1991), wherein there were no contractual provisions as to the guidelines to be followed

-12-

for appointments to status of Chief Resident, and mutual understandings and past practices were, therefore, permitted.

In the instant matter, there is no recognized property interest identified by the plaintiff and, therefore, plaintiff's claim must fail.

## C. Any Claim of Plaintiff Premised on Equal Protection Must Fail Under the Facts of this Matter and Governing Law

To the extent, if any, (it is not at all clear from plaintiff's complaint) that plaintiff asserts a claims of denial of his rights of equal protection under the law, the plaintiff's claim must fail. In the first place, plaintiff fails to set forth the basic elements of a claim for disparate treatment, and, in the second place, even if such were the case, there is no basis whatsoever on which to premise such a claim.

The Equal Protection Clause of the Constitution protects against a governmental entity's intentional and arbitrary disparate treatment of one person from others who are similarly situated, where there is no rational basis for the different treatment. Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000), citing Sioux City Bridge Co. v. Dakota County, 260 U.S. 441, 43 S.Ct. 190, 67 L. Ed. 340 (1923) and Allegheny Pittsburgh Coal Co. v. Commission of Webster Cty., 488 U.S. 336, 109 S.Ct. 633, 102 L.Ed. 2d 688 (1989).

-13-

Traditionally, the claim for equal protection deprivation is based on a "suspect classification" or violation of a fundamental right. Jackson v. Burke, 256 F.3d 93, 96 (2nd Cir. 2001). In the instant matter, plaintiff has not asserted any basis for a claim that there was any intentional, arbitrary treatment by the undersigned defendants, nor that he is part of a protected class, nor that he was treated differently from others similarly situated, nor that defendants' actions lacked a rational basis. Furthermore, even if plaintiff's vague complaint allegations could be construed to so allege, the undisputed facts serve to controvert any such allegations.

This Circuit has consistently set forth the requirement that, if a protected class is not at issue, malice or bad faith (invidious discrimination) is essential to a viable claim of denial of equal protection. LeClair v. Saunders, 627 F.2d 606, 609 (2nd Cir 1980); Lisa's Party City v. Town of Henrietta, 185 F.3d 12, 16 (2nd Cir. 1999); and Harlen Associates v. Incorporated Village of Mineola, 273 F.3d 494, 499 (2nd Cir. 2001). The plaintiff does not allege, nor is there any evidence, that the undersigned defendants acted with malice or ill will in the promotion decisions at issue in this matter. Moreover, even if the bad faith/malice element were not required in light of the Willowbrook decision, the plaintiff would, nevertheless need to allege and prove intentional, irrational and wholly arbitrary acts. Giordano v. City of New York, 274 F.3d 740, 751 (2nd Cir. 2001). In the instant matter, there are no such allegations and, furthermore, there is

-14-

no evidence to support such allegations if asserted. Indeed, as the appended affidavits of the decision-makers reveal, the determination as to which two of the four highest-scoring candidates would be promoted to the rank of captain was a difficult decision forced upon the Board in light of recent, prior, disruptive events in the Department, which called for determinations as to which candidates would best serve in the leadership roles that were open and promote and increase respect and morale in the Department.

The plaintiff's action must also fail under any attempt to advance it under a claim of denial of equal protection because plaintiff was not treated differently from all others similarly situated. Willowbrook, supra, 528 U.S. at 564; Shumway v. United Parcel Serv. Inc., 118 F. 3d 60, 64 (2d Cir. 2001). The plaintiff was one of the 4 highest scoring candidates and, as such, he was advanced to the Board of Public Safety for its consideration of his promotion to the rank of captain. While Plaintiff had the highest of the four scores, his treatment by the Board was no different from the second-highest-scoring candidate, Hayes, in that the Board, in exercising its discretion, determined that other factors predominated over a simple objective test score number.

By their own allegations, both Messrs. Hayes and McElroy have alleged in their identical complaints, identical treatment in that neither of them was selected for the open captain positions. Clearly, neither Mr. Hayes nor Mr. McElroy was treated differently from one another. Indeed, as

-15-

the appended affidavits of the Commissioners of the Board of Public Safety reveal, all of the candidates were given equal consideration for the positions, and discretion in the selection was exercised in the best interests of the City of Torrington in an attempt to advance the declined morale in the Department and the need for respected leadership.

In the instant case, plaintiff fails to allege, and cannot establish, that he was denied equal protection under the law, and, therefore, any such claim must fail.

**D. The Plaintiff's Claims Against the Commissioners Must Fail Under the Doctrine of Qualified Immunity.**

Under the doctrine of qualified immunity, the Board members (Commissioners), sued in their individual capacities, are additionally shielded from plaintiff's claims in this matter because " . . . their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." McEvoy v. Spencer, 124 F.3d, 92, 97 (2d Cir. 1997), quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Moffitt v. Town of Brookfield, 950 F.2d 880, 884 (2nd Cir. 1991).

The Second Circuit has recently succinctly set forth the applicable three-step guideline for determination as to the application of qualified immunity:

-16-

> First, we must determine whether plaintiff has alleged a violation of a constitutional right. Then we consider if the violated right was clearly established at the time of the conduct. See <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (*2001). Finally, if plaintiff had a clearly established, constitutionally protected right that was violated by the actions of the [defendants], he or she must demonstrate that the defendants' actions were not objectively reasonable.

<u>Harhay v. Town of Ellington, et al.</u>, 323 F.3d 206, 211 (2d Cir. 2003). The court went on to explain that, following in sequential order the steps outlined above, the inquiry must terminate in defendants' favor upon failure of the plaintiff to establish the step(s), Id. at 211-212.

### i.   The Plaintiff Did Not Have a Constitutional Right to Promotion

As is set forth in Section I.A. of this memorandum, the plaintiff did not have a constitutional right to promotion, and, therefore, under the <u>Harhay</u> test, the inquiry as to qualified immunity terminates, in the commissioners' favor, at this step.

### ii.   The Constitutional Right to Promotion Was Not Clearly Established

In light of the clear directives of the lack of a constitutional interest in promotion, it certainly cannot be validly argued that there was any basis on which the Commissioners could have conceived of a right to promotion. Furthermore, given the clear directives of the Collective Bargaining Agreement, the Commissioners were directed to exercise their discretion in this matter. Plaintiff can point to nothing that gives the Commissioners any warning or directive that a

-17-

constitutional right was at issue.

### iii. The Actions of the Commissioners Were Objectively Reasonable.

As is set forth in their affidavits, the Commissioners were faced with leadership and morale problems in the Fire Department of the City, and the Commissioners, relying on the portfolios given to them, as well as the Chief's information as to the leadership qualities of the candidates, determined the promotions at issue on that basis. Certainly that is the standard of reasonableness.

## IV. CONCLUSION

For the foregoing reasons, the City of Torrington, Christopher Janco, Kenneth Fuchsman, Carolann Kennedy, James Potter, Thomas Telman, and Robert Zordan respectfully submit to the court that they are entitled to the entry of summary judgment in their favor.

-18-

DEFENDANTS:
CITY of TORRINGTON, JAMES POTTER
CAROLANN KENNEDY, THOMAS TELMAN
ROBERT ZORDAN, KENNETH FUCHSMAN
and CHRISTOPHER JANCO

By /s/ *signature*
Constance L. Epstein, Esq.
Federal Bar No. cT 06958
Howard, Kohn, Sprague & FitzGerald
237 Buckingham Street
Hartford, CT 06106
(860) 525-3101 (Telephone)
(860) 247-4201 (Fax)
Their Attorneys

-19-

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed, postage prepaid, this 2nd day of January, 2004, to:

John R. Williams, Esq.
Williams and Pattis
51 Elm Street, Suite 400
New Haven, CT 06510

John Radshaw, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

Albert G. Vasko, Esq.
140 Main Street
Torrington, CT 06790

_____
Constance L. Epstein

-20-