UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| JOSEPH McELROY | CIVIL ACTION NO. |
| Plaintiff | |
| Vs. | 3:02 CV 01525 (AVC) |
| CITY OF TORRINGTON | |
| JAMES POTTER | |
| CAROLANN KENNEDY | |
| THOMAS TELMAN | |
| ROBERT ZORDAN | |
| KENNETH FUCHSMAN | |
| CHRISTOPHER JANCO | |
| JAYE GIAMPAOLO | |
| JOHN B. FIELD, JR. | |
| Defendants | |
|  | JANUARY 2, 2004 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**RULE 56 STATEMENT IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DATED JANUARY 2, 2004**

Pursuant Fed. R. Civ. P. 56 and Local Rule 56, the defendants City of Torrington, Kenneth Fuchsman, Christopher Janco, Carolann Kennedy, James Potter, Thomas Telman and Robert Zordan, submit the following statement of material facts not in dispute in support of their Motion for Summary Judgement of even date. Supporting documentation is attached.

1. Lieutenants Hayes and McElroy, the plaintiffs in these actions, are members of the Fire Department of the City of Torrington. **Plaintiffs' Complaints, Exhibits A and B.**

2. The plaintiffs allege that the Board of Public Safety of the City of Torrington was comprised of the following individuals, acting in all respects in their official capacities and sued in their individual capacities: Kenneth Fuchsman, Christopher Janco, Carolann Kennedy, James Potter, Thomas Telman and Robert Zordan. **Plaintiffs' Complaints, Exhibits A and B.**

3. In early 2001, two vacancies for the position of captain in the City of Torrington Fire Department existed. **Plaintiffs' Complaints, Exhibits A and B.**

4. Mr. McElroy has admitted that the Collective Bargaining Agreement is the exclusive governing document as to the rules and regulations regarding promotions of firefighters in the City of Torrington. **Deposition of Joseph McElroy, Exhibit L, pp. 23 to 25.**

5. Mr. Hayes has admitted that the Collective Bargaining Agreement is the exclusive governing document as to the rules and regulations regarding promotions of firefighters in the City of Torrington. **Deposition of Kevin Hayes, Exhibit K, pp. 95 to 98 and 107 to 108.**

6. The Collective Bargaining agreement for the years 1997 to 2001, at Article XXIX, sets forth the manner in which promotions are to be made by the Board of Public Safety of the

City of Torrington. **Collective Bargaining Agreement, Exhibit C, pp. 42 to 43.**

7. The prior Collective Bargaining Agreement between the Plaintiff's union and the City of Torrington, for the years 1995 to 1997, contained identical provisions as to promotion. **Collective Bargaining Agreement, Exhibit D, pp. 49 to 51.**

8. Pursuant to the governing Collective Bargaining Agreement, after the applying candidates have completed written and oral examination, those scores, together with their seniority points, are added together for a total score. **Collective Bargaining Agreement, Exhibit C, pp. 42.**

9. After the scoring calculations are made, a list of the candidates and their scores, is comprised and posted. **Collective Bargaining Agreement, Exhibit C, pp. 43; and Exhibit M.**

10. The candidates' scores in this matter revealed that they ranked, highest to lowest, as follows: Lts. McElroy, Hayes, Smith, Starr, Warner, Giampaolo, Hannon, Hutson and Theeb. **Exhibit M.**

11. Pursuant to the Collective Bargaining Agreement provision governing the promotions to the two open captain positions in 2001, the names of the 4 highest-scoring candidates, McElroy, Hayes, Smith and Starr were presented to the Board of Public Safety for the filling of the vacancies. **Collective Bargaining Agreement, Exhibit C, p. 43.**

12. Pursuant to the Collective Bargainng Agreement governing the selection of the candidates to the open captain positions, the Board had discretion as to which of the 4 highest-scoring candidates will be promoted. **Collective Bargaining Agreement, Exhibit C, p. 43.**

13. In the year prior to the Spring 2001 consideration of promotions to captain at issue in this matter, there had been significant difficulties in the Fire Department of the City of Torrington that affected the morale, leadership and respect in the Department. **Affidavits of Janco, Fuchsman, Kennedy, Potter, Telman and Zordan, Exhibits E to I, para. 4.**

14. The Commissioners of the Board of Public Safety, in making their decisions, considered the portfolios of each candidate that had been prepared for them, as well as the information provided by Chief Field as to the leadership qualities of each of the four candidates. **Affidavits of Janco, Fuchsman, Kennedy, Potter, Telman and Zordan, Exhibits E to I, paras. 7 and 8.**

15. The Commissioners of the Board of Public Safety, in making their decisions, understood that they were to exercise their discretion in deciding upon the promotions from these top four highest-scoring candidates. **Affidavits of Janco, Fuchsman, Kennedy, Potter, Telman and Zordan, Exhibits E to I, para. 5.**

16. The Commissioners of the Board of Public Safety, in making their decisions, were challenged to select for promotion those individuals whom they believed, based on the information available to them, would best strengthen the leadership that the Department needed and boost the morale of the Department. **Affidavits of Janco, Fuchsman, Kennedy, Potter, Telman and Zordan, Exhibits E to I, paras. 6 through 12.**

17. The decisions of the Commissioners of the Board of Public Safety, in making their decisions as to the promotions at issue, were exercised pursuant to the discretion afforded to them under the Collective Bargaining Agreement. **Collective Bargaining Agreement, Exhibit C, p 43.**

18. After announcement of the decisions as to promotions, Chief Field communicated in writing to Lts. McElroy and Hayes about the decisions and invited further discussion. **Exhibits N and O.**

19. Plaintiffs McElroy and Hayes each pursued a grievance, which was denied by Chief Field. **Exhibits P and Q.**

20. Plaintiffs McElroy and Hayes have continued to pursue their grievances through the State Board, and those matters remain open and undecided, **Depos of Hayes pp. 8 and 78 and McElroy pp. 48-49 - Exhibits K and L.**

DEFENDANTS:
CITY of TORRINGTON, JAMES POTTER
CAROLANN KENNEDY, THOMAS TELMAN
ROBERT ZORDAN, KENNETH FUCHSMAN
and CHRISTOPHER JANCO

By _____/s/ C. L. Epstein_____
Constance L. Epstein, Esq.
Federal Bar No. ct 06958
Howard, Kohn, Sprague & FitzGerald
237 Buckingham Street
Hartford, CT 06106
(860) 525-3101 (Telephone)
(860) 247-4201 (Fax)
Their Attorneys

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, postage prepaid, this 2nd day of January, 2004, to:

John R. Williams. Esq.
Williams and Pattis
51 Elm Street, Suite 400
New Haven, CT 06510

John Radshaw, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

Albert G. Vasko, Esq.
140 Main Street
Torrington, CT 06790

_____
Constance L. Epstein