UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH McELROY : | |
| : | |
| VS. : | |
| : | |
| CITY OF TORRINGTON, : | |
| JAMES POTTER, : | NO. 3:02CV1525(AVC) |
| CAROLANN KENNEDY, : | |
| THOMAS TELMAN, : | |
| ROBERT ZORDAN, : | |
| KENNETH FUCHSMAN, : | |
| CHRISTOPHER JANCO, : | |
| JAYE GIAMPAOLO and : | |
| JOHN B. FIELD, JR. : | JANUARY 14, 2004 |

**PLAINTIFF'S LOCAL RULE 56 STATEMENT**

**A.  *RESPONSE TO CLAIMS OF FACT BY DEFENDANTS CITY OF TORRINGTON, FUCHSMAN, JANCO, KENNEDY, POTTER, TELMAN AND ZORDAN:***

    1.  Agree.

    2.  Agree.

    3.  Agree.

    4.  Agree that the Collective Bargaining Agreement applies to promotions of firefighters.  Disagree with any implication that past practice or constitutional guarantees have no bearing.

1

5. Agree that the Collective Bargaining Agreement applies to promotions of firefighters. Disagree with any implication that past practice or constitutional guarantees have no bearing.

6. Agree.

7. Agree.

8. Agree.

9. Agree.

10. Agree.

11. Agree.

12. Agree that the Collective Bargaining Agreement so stated. Disagree with any implication that past practice had no bearing on the extent of the Board's discretion.

13. Agree.

14. Agree, but disagree with any implication that nothing else was considered. (See Part B, *post*.)

15. Plaintiff cannot read minds, nor can this court. But disagree with any implication that the defendants had unlimited discretion in making promotions from the four candidates. (See Part B, *post*, and plaintiff's Brief.)

16. Disagree. The affidavits cited do not support this claim.

17. Disagree. Move to strike. This is a legal conclusion and not a statement of fact. (See Part B, *post*, and plaintiff's Brief.)

18. Agree.

19. Agree.

20. Agree.

**B.    PLAINTIFF'S STATEMENT OF FACTS:**

1. Kevin Hayes has sworn to the truth of all his interrogatory answers. (Hayes Deposition Transcript, pp. 14-17)

2. For more than fifteen years prior to July 11, 2001, it was the policy of the defendants to promote the otherwise qualified applicable for promotion who received the highest score on the promotional examination. (Hayes Interrogatory Answers, ¶ 13; Defendant Field's testimony before Connecticut Board of Mediation and Arbitration, March 19, 2002, pp. 21-22, 96-97; Sworn testimony of plaintiff before State Board of Mediation and Arbitration, November 4, 2003, p. 266)

3. For a long period of time up to the point at which the defendants denied him promotion to the position, Kevin Hayes held the rank of Acting Captain. (Hayes Interrogatory Answers, ¶ 14; Hayes deposition testimony, pp. 128-30)

4. Prior to the formal meeting of the Board, the defendants decided among themselves that the two highest-scoring candidates on the Captain's exam would not be promoted. They did this knowing that never before in the history of the Torrington Fire Department had the highest-scoring candidates been denied promotion. Defendant Giampaolo had checked with his closest friend prior to the Board's formal meeting to attempt -- without success, it turned out -- to find even a single instance in the past in

which the highest-scoring candidates had not been promoted.  Defendant Giampaolo had a personal interest in seeing candidate Smith receive the promotion because of a past relationship with him.  (Hayes Interrogatory Answers, ¶ 19)

     5.  Defendant Giampaolo had taken the same promotional exam as the plaintiff.  He was the Acting Deputy Chief at the time.  He scored lower than the plaintiff.  He attended the executive session of the Board of Safety, with defendant Field, to assist in making the decision about whom to promote to the rank of Captain although it is contrary to the Board's usual procedures to do so.  (Hayes deposition transcript, pp. 27, 36, 90; Plaintiff's deposition transcript, pp. 39-40; Sworn testimony of plaintiff before State Board of Mediation and Arbitration, November 4, 2003, pp. 268-69)

     6.  Defendant Zordan, in sworn testimony before the Connecticut Board of Mediation and Arbitration, testified that he doubted the fairness of the procedure by which the plaintiff was denied promotion to Captain.  (Hayes deposition transcript, pp. 49-51)

     7.  Defendant Giampaolo, in sworn testimony before the Connecticut Board of Mediation and Arbitration, admitted that he was informally lobbying the other defendants to promote Smith and Starr rather than the two top-scoring applicants.  (Id. p. 52)

     8.  The official minutes of the meetings Torrington Board of Public Safety for all the years available demonstrate that, until this case, the defendants always had promoted the highest-scoring applicants and had never varied from that practice.  (Id.

4

pp. 64-65; Memo from Field to Hayes dated 12/10/01, with attachments; plaintiff's deposition transcript, pp. 74-75, 94-95)

9. Defendant Giampaolo has admitted in his sworn testimony, given in the presence of the plaintiff, that he met secretly on multiple occasions with defendants who were Commissioners, for the purpose of discussing who would be promoted to the rank of Captain. (Hayes deposition transcript, pp. 76-78)

10. The defendants, despite the plaintiff's request, have never submitted even a colorable reason for their refusal to promote him. They claimed that he did not fit their "profile" but upon request refused to tell him what that "profile" was. (Id. p. 109; Hayes Interrogatory Answers, ¶¶ 16, 17)

11. Defendant Potter, who was an informal leader of the Board, met secretly with defendant Giampaolo on several occasions prior to the Board's official vote, to determine who would receive the promotions. (Hayes deposition testimony, pp. 133-34)

12. Defendant Telman, in addition to being a member of the Board of Public Safety, sells cleaning equipment to the Fire Department. In the course of his business dealings with defendant Giampaolo, he and Giampaolo discussed in advance of the Board's formal meeting who would be promoted to the rank of Captain. (Id. pp. 136-37)

13. For at least fifteen years prior to the refusal to promote the plaintiff, the Chief and Deputy Chief have consulted with the Board of Public Safety in jointly deciding who would be promoted. (Plaintiff's deposition transcript, pp. 21-22)

14.  The defendants, as a result of secret meetings, knew two weeks before the formal Board meeting that they were going to deny promotion to the plaintiff.  (Id. pp. 32-33)

15.  When the plaintiff, who was the highest-scoring person on the promotion exam, asked defendant Field why he had been denied promotion contrary to the unvarying past practice, defendant Field was unable to give a reason.  (Id. p. 44)

16.  Without exception, until this case, the unvarying practice of the Torrington Fire Department has been that the highest-scoring applicants always receive the promotions for which they have tested.  (Id. pp. 74-75, 93-94; Avallone deposition transcript, pp. 5-6)

17.  The denial of promotion to the plaintiff, contrary to past practice, was the result of secret meetings participated in by at least defendants Field, Giampaolo, Potter and Telman.  (Plaintiff's deposition transcript, pp. 96-97)

18.  Defendant Giampaolo specifically stated to a retired firefighter, prior to the date that the Board of Public Safety held its formal meeting to vote on promotions, that the plaintiff would not be promoted despite the fact that, according to past practice, he was supposed to be promoted.  (Avallone deposition transcript, pp. 6-8)

19.  Defendant Field prepared a portfolio for each of the four Lieutenants eligible for promotion to captain, including in each such portfolio the materials he decided to include, and excluding what he chose to exclude, and submitted those portfolios to the

Board.  (Testimony of defendant Field before Board of Mediation and Arbitration, March 19, 2002, pp. 59-61)

20.  In the case of Hayes, Field excluded from the portfolio all the commendation letters contained in the plaintiff's personnel file.  (Id. p. 61)

21.  Defendant Field claims that the Board of Public Safety asked him to recommend the plaintiff for promotion and that he refused to do so.  (Id. p. 83)

22.  Defendant Potter claims that the reason he voted not to promote McElroy or Hayes was because he had heard that both of them were "pussy whipped...."  (Sworn testimony of defendant Potter before State Board of Mediation and Arbitration, June 3, 2003, pp. 40, 43)

23.  The decision of the Board of Public Safety not to promote Hayes and McElroy was based primarily on the comments made to the Board by the defendants Field and Giampaolo.  (Sworn testimony of defendant Zordan before State Board of Mediation and Arbitration, June 3, 2003, pp. 97, 105-06, 108-09)

24.  Defendant Zordan believes that the decision not to promote McElroy and Hayes "was politics...that we made this decision not knowing the people."  (Id. p. 104)

25.  Test results were ignored by the Board in making the promotion decision.  (Id. p. 109)

26.  Defendant Giampaolo had private discussions concerning the promotions, prior to the Board's meeting, with defendants Potter and Telman.  In those discussions, he recommended that Hayes and McElroy not be promoted.  (Sworn testimony of

7

defendant Giampaolo at the Connecticut Board of Mediation and Arbitration, June 27, 2003, pp. 192-95)

27.  The information furnished the Board by defendant Field concerning McElroy and Hayes was inaccurate and incomplete and did not fairly portray their achievements and qualifications for promotion.  (Sworn testimony of Joseph McElroy before State Board of Mediation and Arbitration, November 4, 2003, pp. 254-55; Sworn testimony of Kevin Hayes before State Board of Mediation and Arbitration, November 4, 2003, pp. 302-03)

28.  When Joseph McElroy asked defendant Field why he had not been promoted, Fields's response was: "I can't tell you."  (Sworn testimony of Joseph McElroy before State Board of Mediation and Arbitration, November 4, 2003, p. 265)

29.  McElroy had been acting Captain for three years before being passed over for promotion to that rank.  (Id. p. 267)

30.  The rankings on the Captain's exam are based not only on test scores but on many factors, including seniority within the department.  (Id. p. 272)

                THE PLAINTIFF

                BY:_____
                    JOHN R. WILLIAMS (ct00215)
                    51 Elm Street
                    New Haven, CT 06510
                    203/562-9931
                    FAX:  203/776-9494
                    E-Mail: jrw@johnrwilliams.com
                    His Attorney

CERTIFICATION OF SERVICE

On the date above stated, copies hereof were mailed to Albert G. Vasko, Esq., 140 Main Street, Torrington, CT 06790; Attorneys Jack G. Steigelfest and Constance L. Epstein of Howard, Kohn, Sprague & FitzGerald, 237 Buckingham Street, Hartford, CT 06106; and John J. Radshaw, III, Esq., Howd & Ludorf, 65 Wethersfield Avenue, Hartford, CT 06116.

_____
JOHN R. WILLIAMS