09/20/02 FRI 12:12 FAX 717 741 9051    VFIS CLAIMS MGMT. INC.                      ☒010

Sep-10-02  03:22P  city hall torringtonconn                    P.03
Sep. 9. 2002 11:10AM  ACCOUNTING                        NO. 104   P. 3




## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JOSEPH McELROY

VS.

CITY OF TORRINGTON,
JAMES POTTER,
CAROLANN KENNEDY,
THOMAS TELMAN,
ROBERT ZORDAN,
KENNETH FUCHSMAN,
CHRISTOPHER JANCO,
JAYE GIAMPAOLO and
JOHN B. FIELD, JR.

CIVIL ACTION NO.

3:02CV1525 (AVC)

FILED Aug 29 2 25 PM '02
U.S. DISTRICT COURT
NEW HAVEN, CONN.

AUGUST 26, 2002

### COMPLAINT

1. This is an action to redress the deprivation of rights secured to the plaintiff by the Constitution and laws of the United States and the State of Connecticut.

2. Jurisdiction of this court is invoked under the provisions of Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.

3. During all times mentioned in this action, the plaintiff was an adult citizen of the United States residing in Torrington, Connecticut. At all such times, he had been a member of the Torrington Fire Department for many years and

Exhibit B

09/20/02 FRI 12:12 FAX 717 741 9051    VFIS CLAIMS MGMT. INC.    ☒011
09/11/2002 09:17 FAX 860 489 840
Sep-10-02 03:22P city hall torringtonconn    1
SEP. 5. 2002 11:0AM    ACCOUNT.RG    NO. 75    P. 4
P.04

held (and still holds) the rank of Lieutenant in that department.

4. During all times mentioned in this action, the defendant City of Torrington was a municipality in the State of Connecticut acting through its highest policy-setting officials for the matters herein described. During all times mentioned in this action, the defendant Field was the Chief of the Torrington Fire Department and the defendant Giampaolo was the Acting Deputy Chief of the Torrington Fire Department; and the defendants Potter, Kennedy, Telman, Zordan, Fuchsman and Janco were members of the Torrington Board of Public Safety and as such the highest policy-setting officials of the municipality for Fire Department matters. All of the individual defendants herein named were acting in their official capacities but all are sued only in their individual capacities.

5. During all times mentioned in this Complaint, the defendants were acting under color of law, that is, under color of the constitution, statutes, laws, charter, ordinances, rules, regulations, customs and usages of the State of Connecticut and the City of Torrington.

6. At all times mentioned in this Complaint, the defendants acted jointly and in concert with each other. Each individual defendant had the duty and the opportunity to protect the plaintiff from the unlawful actions of the other defendants but each defendant failed and refused to perform such duty, thereby proximately causing the injuries herein complained of.

7. For many years prior to July 11, 2001, for all officer promotions within

09/20/02 FRI 12:13 FAX 717 741 9051    VFIS CLAIMS MGMT. INC.    ☒012
09/11/2002 09:17 FAX 860 495 849
Sep-10-02 03:22P city hall torringtonconn 1
SEP 9, 2002 11:04AM ACCURA INC                NO. 204   P. 5
                                                        P. 05

the Torrington Fire Department, the unvarying policy of the City of Torrington and the Torrington Board of Public Safety had been to promote the otherwise qualified applicant for promotion who received the highest score on the promotional examination.

8. In 2001, the plaintiff applied for promotion to the rank of Captain in the Torrington Fire Department. He took the examination for that position and received the highest score of all persons applying for the position.

9. The plaintiff was in every way fully qualified for the position of Captain in the Torrington Fire Department.

10. Based upon his score, his other qualifications and the unvarying past and standard practice of the Torrington Fire Department, the City of Torrington and the Torrington Board of Public Safety, the plaintiff had a property interest in his promotion to the rank of Captain in the Torrington Fire Department.

11. On July 11, 2001, the defendants met secretly to determine who would be promoted to fill two vacancies to the position of Captain in the Torrington Fire Department. For the said two vacancies, there were four qualified applicants of whom the plaintiff was the first and highest-scoring.

12. Prior to July 11, 2001, the defendants secretly decided to violate unvarying past practice and not promote the plaintiff.

13. The said fact was not disclosed to the plaintiff.

14. The defendants never gave the plaintiff any opportunity to be heard

or to address any reasons they may have had for denying him the promotion to which he was entitled.

15. The defendants never warned the plaintiff that he would not be promoted and led him to believe that they in fact would promote him on July 11, 2001.

16. The defendants to this day have never advised the plaintiff of their reasons for denying him promotion, despite his requests for a statement of reasons.

17. The defendants to this day have never afforded the plaintiff any opportunity to be heard respecting the denial of his right to promotion, despite requests for such a hearing.

18. There was no rational basis for treating the plaintiff in the manner described above.

19. In the manner described above, the defendants denied the plaintiff procedural due process of law in violation of the Fourteenth Amendment to the United States Constitution.

20. In the manner described above, the defendants intentionally treated the plaintiff differently from other similarly situated members of the Torrington Fire Department, that is, differently from every other top-scoring and otherwise qualified applicant for promotion within that department. Such disparate treatment was malicious, intentional and irrational.

09/20/02 FRI 12:13 FAX 717 741 9051   VFIS CLAIMS MGMT. INC.   ☒014
09/11/2002 09:18 FAX 860 489 640
Sep-10-02 03:22P city hall torringtonconn 1                     P.07

21. As a result, the plaintiff has suffered economic loss and emotional distress.

22. The plaintiff has no adequate remedy at law.

WHEREFORE, the plaintiff claims judgment against the defendants and each of them, jointly and severally, for compensatory damages, punitive damages, a temporary and permanent injunction requiring the defendants forthwith to promote him to the rank of Captain with full back pay, seniority and benefits retroactive to July 11, 2001, attorney fees and costs, all as provided by Sections 1983 and 1988 of Title 42 of the United States Code.

### CLAIM FOR JURY TRIAL

The plaintiff claims trial by jury.

THE PLAINTIFF

BY: _____
Norman A. Pattis
Federal Bar No. ct13120
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510
TELEPHONE: 203.562.9931
FAX: 203.776.9494
E-MAIL: jw@johnrwilliams.com
His Attorney