DEFENDANT'S
EXHIBIT NO. 9
FOR IDENTIFICATION
PENGAD-Bayonne, N.J. DATE 1/12/23 RPTR: OSH

DEFENDANT'S
EXHIBIT NO. 9
FOR IDENTIFICATION
PENGAD-Bayonne, N.J. DATE 1/13/05 RPTR: OSH

# AGREEMENT

## BETWEEN

## LOCAL - 1567

## I.A.F.F. – A.F.L. – C.I.O.

## AND THE

## CITY OF TORRINGTON

### 1997 - 2001

Exhibit J

|              | TABLE OF CONTENTS                         | PAGE  |
|--------------|-------------------------------------------|-------|
|               | PREAMBLE                                  | 3     |
| ARTICLE I     | RECOGNITION                               | 3     |
| ARTICLE II    | CHECK OFF AND UNION SECURITY              | 3-4   |
| ARTICLE III   | BULLETIN BOARD                            | 4     |
| ARTICLE IV    | DISCIPLINARY ACTION                       | 4     |
| ARTICLE V     | GRIEVANCE PROCEDURE                       | 5-6   |
| ARTICLE VI    | UNION BUSINESS LEAVE                      | 6-7   |
| ARTICLE VII   | MANPOWER                                  | 7-8   |
| ARTICLE VIII  | HOLIDAYS                                  | 8-10  |
| ARTICLE IX    | WORK WEEK                                 | 10    |
| ARTICLE X     | OVERTIME                                  | 10-12 |
| ARTICLE XI    | VACATIONS                                 | 12-15 |
| ARTICLE XII   | SICK LEAVE                                | 15-17 |
| ARTICLE XIII  | INJURY LEAVE                              | 17-18 |
| ARTICLE XIV   | SPECIAL LEAVE                             | 18-19 |
| ARTICLE XV    | UNIFORM ALLOWANCE                         | 19    |
| ARTICLE XVI   | INSURANCE                                 | 20-21 |
| ARTICLE XVII  | UNION ACTIVITY PROTECTED                  | 21    |
| ARTICLE XVIII | CITY CLAUSES                              | 21-22 |
| ARTICLE XIX   | FIRE WATCH DUTY                           | 22    |
| ARTICLE XX    | FUNERAL DETAILS                           | 22    |
| ARTICLE XXI   | WAGES                                     | 23    |
| ARTICLE XXII  | SAVINGS CLAUSE                            | 23    |
| ARTICLE XXIII | MISCELLANEOUS                             | 23-26 |
| ARTICLE XXIV  | ACTING LIEUTENANTS AND ACTING CAPTAINS    | 26-28 |
| ARTICLE XXV   | PENSIONS                                  | 28-39 |
| ARTICLE XXVI  | PHYSICAL FITNESS PROGRAM                  | 39    |
| ARTICLE XXVII | EDUCATIONAL INCENTIVE                     | 39-40 |
| ARTICLE XXVIII| MANAGEMENT RIGHTS                         | 40-41 |
| ARTICLE XXIX  | APPOINTMENTS AND PROMOTIONS               | 41-44 |
| ARTICLE XXX   | REDUCTION IN FORCE                        | 44-45 |
| ARTICLE XXXI  | DURATION                                  | 45    |
|               | SIGNATURE PAGE                            | 46    |
|               | APPENDIX A                                | 47    |
|               | APPENDIX B                                | 47    |
|               | APPENDIX C                                | 48    |
|               | APPENDIX D                                | 48    |

## PREAMBLE

The following contract by and between, respectively, the City of Torrington, hereinafter referred to as the 'City' and Local 1567, International Association of Fire Fighters, hereinafter referred to as the 'Union', is designed to maintain and promote a harmonious relationship between the City of Torrington and such of its employees who are within the provisions of this Contract, in order that more efficient and progressive public service may be rendered.

## ARTICLE I

## RECOGNITION

The City hereby recognizes the Union as the exclusive representative and bargaining agent for the bargaining unit, consisting of all uniformed and investigatory positions within the Torrington Fire Department, except that of Fire Chief and Deputy Chief.

## ARTICLE II

## CHECK OFF AND UNION SECURITY

Section 1.  The City agrees to deduct from the pay check of each employee who has signed an authorized payroll deduction card a sum certified by the Secretary or other authorized official of the Union, which are union dues. Deductions will be made from the payroll period periodically as specified, and total dues shall be delivered to the Treasurer of the Union.  Deductions shall be made each week of each month. All the employees within the bargaining unit covered by this Contract as of July 1, 1997, who are members of the Union on said date, shall, as a condition of employment, remain members of the Union in good standing.

        All new employees hired during the life of this Contract shall, as a condition of employment, within thirty (30) days after date of hire or thirty (30) days after the effective date of the Contract, whichever period is longer, become and remain members of Union in good standing.

Section 2.  The City will give each present employee, and to each new employee when hired, a printed copy of this Contract.

## ARTICLE III

## BULLETIN BOARDS

The City shall permit the use of all Bulletin Boards located in their respective Fire Houses by the Union, for the posting of notices concerning Union business.

## ARTICLE IV

## DISCIPLINARY ACTION

No permanent employee shall be removed, dismissed, discharged, suspended, fined, reduced in rank or disciplined in any other manner except for just cause. If any such employee is disciplined and in the judgment of such employee this action is taken by the City without just cause, he or she may, no later than seven (7) days after the date of such action, appeal in writing to the Board of Public Safety to have the action rescinded or to have the severity of the punishment reduced.

        Within seven (7) days after receiving such appeal, said Board of Public Safety shall arrange to and shall meet with the Union's Grievance Committee for the purpose of attempting to resolve this dispute. If such employee or the Union is dissatisfied with the results of such meeting, he or she may, no later than five (5) days thereafter, submit such dispute to arbitration in accordance with Section I (c) of Article V.

## ARTICLE V

## GRIEVANCE PROCEDURE

<u>Section 1.</u>  Should any employee or group of employees feel aggrieved concerning his, her or their wages, hours or conditions of employment, which wages, hours and conditions are controlled by this Contract, or which are provided for in any Statute, Charter Provision, Ordinance, Rule, Regulation or Policy which is not in conflict with this Contract, or concerning any matter or condition arising out of the employee-employer relationship, including any claim of unjust discrimination and any matter affecting his, her or their health and safety, adjustment shall be sought as follows:

a. Any employee who has a grievance shall reduce it to writing and submit it to both the Chief and the Personnel Director. The Union may also file a grievance on behalf of an employee. If such grievance is not so filed with the Chief and the Personnel Director within forty-five (45) days after the employee knew or should have known of the act or condition upon which the grievance is based, then the grievance shall be considered as waived. Within three (3) days after said Chief receives such grievance in writing, he or she shall arrange to and shall meet with the employees and/or representatives of the Union for the purpose of adjusting or resolving the grievance. Within fifteen (15) days after the Personnel Director and the Chief receive such grievance in writing, either of them shall render their decision in writing to the employee and/or representatives of the Union.

b. If such grievance is not resolved to the satisfaction of the employee or the Union by the Chief and the Personnel Director, within ten (10) days after such grievance was filed, the employee or the Union may present such grievance in writing,

within seven (7) days after the decision by the Chief and the Personnel Director, to the Board of Public Safety. After receiving such grievance, said safety Board may meet with the employee and/or representatives of the Union. Whether or not said meeting is held, the Board shall act on the grievance within thirty (30) days after its receipt by said Board. Failure of the Board to act shall be deemed a denial of the grievance.

c. If the grievance, or an appeal filed under Article IV, is not adjusted or resolved, to the satisfaction of the employee involved or the Union, by the Board of Public Safety within the prescribed time limits, such employee or the Union may, no later than ten (10) days after notice of the action by the Board of Public Safety or, if the Board of Public Safety failed to take action, no later than ten (10) days after said Board should have taken action, submit the grievance to the State Board of Mediation and Arbitration to be acted upon by said Board in accordance with its rules. The decision shall be final and binding on all parties.

d. Any of the time limits specified herein may be extended by mutual agreement of the parties.

## ARTICLE VI

## UNION BUSINESS LEAVE

Section 1. The five (5) members of the Union Negotiating committee shall be granted leave from duty with full pay for all meetings between the City and the Union for the purpose of negotiating the terms of a contract, when such meetings take place at a time during which such members are scheduled to be on duty.

educational expenses, if any, shall be paid by the employee who shall also be responsible for his or her replacement; it being understood and agreed that this program shall not require additional hiring. The word "completion" shall not include the failure to attend classes, a "withdrawal" from the program, or an incomplete grade.

<u>Section 2.</u>   Any employee holding an Associates Degree shall be paid $200.00 annually. Any employee holding a Baccalaureate Degree shall receive $400.00 annually. Any such degree shall have been received in a planned or degree program relating to fire fighting. Said amounts shall be paid to an eligible active employee during the month of August.

## ARTICLE XXVIII

## MANAGEMENT RIGHTS

There are no provisions in the Agreement that shall be deemed to limit or curtail the City of Torrington in any way in the exercise of the rights, powers and authority which the City had prior to the effective date of this Contract unless and only to the extent that provisions of the Agreement specifically curtail or limit such rights, powers, and authority. The Union recognizes that the City's rights, powers and authority include but are not limited to, the right to manage its operations, direct, select, decrease and increase the work force, including hiring, promotion, demotion, transfer, suspension, discharge or lay-off; the right to make all plans and decisions on all matters involving its operation, the extent to which the facilities of any department thereof shall be operated, additions thereto, replacements, curtailments or transfers thereof, removal of equipment, outside purchases of products or services, the scheduling of operations, means and processes of operations, the equipment to be used, and the right to introduce new and improved

methods and facilities and to change existing methods and facilities; to maintain discipline and efficiency of employees, to prescribe rules to that effect; to determine the qualifications of employees; and to run the Department efficiently, provided that it does not effect a mandatory subject of bargaining.

## ARTICLE XXIX

### APPOINTMENTS AND PROMOTIONS

Section 1.  All promotions and appointments to the Department shall be made by the Board of Public Safety. Exclusive of the appointment of Probationary Fire Fighters, Chief and Deputy Chief, effective as of the date of signing of this Agreement, all promotions shall be awarded in the following manner:

a. The City shall post for ten (10) calendar days an announcement of the position to be filled. All interested personnel eligible to apply must make their intentions known in writing to the Fire Chief within the ten (10) calendar days. In the event a member is on sick leave, on vacation or other legitimate leave, the Department shall make a reasonable effort to notify such employee(s) of the promotional notice and promotional opening.

b. The City shall request the Personnel Department of the State of Connecticut or such other competent and impartial agency to conduct a written examination for those candidates who had made timely application and eligible to apply. The grades of those passing such examination shall be posted.

c. Candidates for promotion who successfully passed the written examination with a minimum passing grade of sixty percent (60%) shall advance to an oral examination by a panel of three (3) professional career fire fighters who shall be

selected from departments no closer than ten (10) miles of the City of Torrington city line and shall be at least one (1) rank higher than the position being tested and shall be residents of the State of Connecticut, but shall not reside closer than ten (10) miles of the city line of Torrington. Said panel shall score each applicant with a numerical score which shall be averaged amongst the panel members, however, if a panel member recognizes an applicant, said panel member shall disqualify himself and the remaining members scores shall be averaged. Only averaged oral scores of sixty percent (60%) or more shall be considered in determining the final score for any candidate.

In addition to the written and oral examinations, the final score for any candidate shall have added to it up to twenty (20) points, determined by seniority in the following manner. One (1) point will be awarded for each full year of service, starting with the sixth (6th) full year of service as a fire fighter, to a maximum of twenty (20) points after completion of twenty-five (25) years of service in the Department.

The final score shall then be determined as follows:

1. The written examination shall be given a weight of sixty percent (60%) of the final score;

2. The oral examination shall be given a weight of forty percent (40%) of the final score; and

3. The seniority points shall be added to the weighted total of the written and oral scores.

  d. The final passing scores shall be posted on the bulletin board for five (5) calendar days in the order of final total scores.

  e. The top four (4) applicants' names shall be submitted to the Board of Public Safety in order of their scores and said Board of Public Safety shall select any one (1) of said candidates and appoint to the position forthwith.

  f. The remaining names which were not selected and/or appointed from the top four (4) candidates shall remain on the list for one (1) year and six (6) months from the date of final score posting on the bulletin board and shall be eligible for promotion to the same rank in the event of another promotion or vacancy.

<u>Section 2.</u> a. To be eligible for the examination and/or promotion to the rank of Fire Marshal, Deputy Fire Marshal, Training Officer, Fire Inspector (The position of Fire Inspector was eliminated on September 5, 2000.) or Lieutenant, the applicant must have completed at least five (5) years of service as a fire fighter in the Torrington Fire Department as of the date of the written examination, <u>provided however,</u> in the event no such eligible applicant for the position of Fire Inspector (The position of Fire Inspector was eliminated on September 5, 2000.) or Training Officer passes the written exam or achieves a final passing score, or in the event no such eligible person applies for that position, then all employees shall be eligible for the examination and/or promotion; to be eligible for the examination and promotion to the rank of Captain, the applicant must have attained the position of Lieutenant and must have completed his/her probationary position as Lieutenant as of the date of the written examination for Captain.

      b. Any successful candidate for the position of Fire Inspector (The position of Fire Inspector was eliminated on September 5, 2000.) or Training Officer who fails to obtain State of Connecticut certification shall be entitled to re-apply and to be re-tested for such certification. Any successful candidate who fails to attain such State certification shall be entitled to his former fire fighting position without loss of rank, pay, benefits, or seniority.

<u>Section 3.</u>  Promoted personnel shall serve a probationary period of six (6) months.

## ARTICLE XXX

## REDUCTION IN FORCE

<u>Section 1.</u>  Layoff shall be by inverse order of departmental seniority.

<u>Section 2.</u>  Any employee laid of off shall be placed on a recall list and shall remain thereon for a period of two (2) years. Recall from said list shall be by inverse order of layoff. Notice of recall shall be in writing and sent by certified mail, return receipt requested, to the last address furnished by the employee being recalled. Said employee shall accept any offer of recall by written notice to the City within ten (10) days following receipt of the notice of recall. If such acceptance is not received within such ten (10) days, the offer shall be deemed rejected and such employee shall be removed from such recall list.

<u>Section 3.</u> The City shall give a two week notice of layoff.

<u>Section 4.</u> Any laid off employee shall return all department property.

<u>Section 5.</u> Any employee laid off in accordance with this Article shall not lose his/her seniority status at the time of layoff if he/she is recalled and accepts employment within two

(2) years from the date of layoff in accordance with Section 3; but seniority shall not accrue during any period that such employee remains on said layoff list.

Section 6. Any vacation time accrued as of the date of layoff shall be paid in a lump sum within one (1) week after layoff.

Section 7. No payment shall be made to the laid off employee for unused sick leave but if the employee is recalled and accepts employment within the two (2) year recall period any such unused sick leave shall be reinstated for the benefit of said recalled employee. Any laid off employee who is not recalled and who later becomes eligible for retirement benefits pursuant to Article XXV, shall receive, subject to the provisions of Article XXII, Section 1. j., payment for unused sick leave due which was credited to him or her at the time of layoff at the rate of pay existing at the time of layoff. There shall be no accumulation of sick leave while on the recall list.

Section 8. Medical insurance benefits shall be provided, in accordance with law, at the laid off employee's cost.

## ARTICLE XXXI

## DURATION

Section 1. The duration of this Contract shall be effective from and retroactive to July 1, 1997 (unless stated otherwise) to June 30, 2001. Either party wishing to terminate, amend or modify such Contract must so notify the other party in writing no more than one hundred and eighty (180) days and no less than one hundred and twenty (120) days prior to such expiration date.

IN WITNESS WHEREOF, the parties have caused their names to be signed on this

_____ day of _____, 2001.

Signed, Sealed and Delivered
in the presence of:

CITY OF TORRINGTON

By_____        _____
    Mary Jane Gryniuk                                Witness:

    Its Mayor
                                                     _____
                                                     Witness:

LOCAL 1567, INTERNATIONAL
ASSOCIATION OF FIRE FIGHTERS,
AFL-CIO

By_____        _____
                                                     Witness:
Its President


By_____        _____
                                                     Witness:
Its Secretary