**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

JOSEPH MCELROY,

*Plaintiff,*                    Civil Action No.

v.                              3:02 CV 1525 (AVC)

CITY OF TORRINGTON, ET AL

*Defendant*s.                   November 26, 2003

### AFFIDAVIT OF JOHN B. FIELD, JR.

The undersigned, after being duly cautioned and sworn, hereby deposes and says:

1. I am over eighteen years of age

2. I understand the obligations of an oath.

3. I am a resident of Torrington, CT.

4. I am a firefighter licensed and certified by the State of Connecticut.

5. I am the Chief of the City of Torrington Fire Department.

6. I have been employed by the City of Torrington Fire Department since January 1986 and as its Chief since April 2001.

7. I was the Acting Chief of the Department from June 2000 until April 2001.

8. I have personal knowledge of the facts and circumstances as alleged in the plaintiff's complaint.

9. In my capacity as Chief, I am responsible for the overall management and operation of the fire protection, fire inspection, fire prevention, and training services of the Fire Department, reporting to the Board of Public Safety of the City of Torrington.

10. In early 2001, openings occurred for the rank of Captain because of retirement and promotion.

11. According to the governing collective bargaining agreement, the opportunity was duly posted and a written test was administered during early 2001.

# Exhibit K

12. Following the scoring of the written examination, oral examinations were administered.

13. I was present during a meeting of the Board of Public Safety on July 11, 2001 at which the decision would be made to promote two individuals to the rank of Captain.

14. I was present at the public and executive sessions of the Board of Public Safety meeting on July 11, 2001.

15. At the July 11, 2001 meeting in executive session, the top four (4) names were presented to the Board in the order of their cumulative scores, highest to lowest, but the actual scores were not presented to the Board of Public Safety.

16. On July 11, 2001, the promotion list, in order of scores, was McElroy, Hayes, Smith, and Starr.

17. At the July 11, 2001 meeting, the Board of Public Safety was presented with a portfolio of each candidate.

18. The portfolio comprised a photograph of the candidate with a one-page summary of that candidate's positive qualifications and experience.

19. I produced the portfolios after having reviewed each candidates' personnel file.

20. Lt. Smith submitted a resume for consideration by the Board of Public Safety at the meeting on July 11, 2001 but it was rejected by the Board and not considered in any manner during the deliberations of the Board as to which candidates to promote to the rank of Captain.

21. At the Board of Public Safety meeting on July 11, 2001, I did not make any recommendation as to which person on the promotion list for Captain.

22. At the Board of Public Safety meeting on July 11, 2001, I answered questions posed by members of the Board about the candidates.

23. I have no power to promote or appoint any member of the Torrington Fire Department to any position or rank.

24. The exclusive power to promote or appoint any member of the City of Torrington Fire Department is vested in the Board of Public Safety by virtue of Article XXIX of the governing Collective Bargaining Agreement and the Charter of the City of Torrington.

25. Prior to the meeting on July 11, 2001, I socialized with Lt. McElroy and his family.

26. After the meeting on July 11, 2001, I told Lt. McElroy that I could not have made a recommendation of him during the July 11, 2001 for promotion

because the knowledge of our friendship would create the appearance of impropriety.

27.    Because of the possible appearance of impropriety because of my friendship with Lt. McElroy, I did not make a recommendation of any candidate for promotion during the meeting on July 11, 2001.

28.    I never promised the plaintiff that he would be promoted to the rank of Captain.

29.    I have, in the past, encouraged and counseled the plaintiff with regard to job-related issues as his superior officer and as I have done with all of my subordinates.

30.    As a firefighter employed by the City of Torrington for nearly 20 years, I have never believed that promotions were guaranteed to those based upon their ranking on the promotion list alone.

31.    As a firefighter employed by the City of Torrington for nearly 20 years, I have known that the Board of Public Safety, according to the governing Collective Bargaining Agreement, is the sole promoting and appointing authority in the City of Torrington Fire Department and does so in its complete discretion.

/s/ John B. Field, Jr.
JOHN B. FIELD, JR.

STATE OF CONNECTICUT        :
                            :        *ss: Torrington*
COUNTY OF LITCHFIELD        :

Subscribed and sworn to before me this 26th day of November 2003.

/s/ Maureen Lamanna
~~Commissioner of the Superior Court~~/
Notary Public
My commission expires:

- 3 -