UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH MCELROY, | |
| *Plaintiff,* | Civil Action No. |
| v. | 3:02 CV 1525 (AVC) |
| CITY OF TORRINGTON, ET AL | |
| *Defendants.* | November 26, 2003 |

## AFFIDAVIT OF JAYE J. GIAMPAOLO

The undersigned, after being duly cautioned and sworn, hereby deposes and says:

1. I am over eighteen years of age
2. I understand the obligations of an oath.
3. I am a resident of Torrington, CT.
4. I am a firefighter licensed and certified by the State of Connecticut.
5. I am the Deputy Chief of the City of Torrington Fire Department.
6. I have been employed by the City of Torrington Fire Department since 1983 and as its Deputy Chief since May 2002.
7. I was appointed Acting Deputy Chief of the Department in May 2000.
8. I have personal knowledge of the facts and circumstances as alleged in the plaintiff's complaint.
9. In my capacity as Deputy Chief, I am responsible for the overall operations of the City of Torrington Fire Department, including training, facilities, equipment, and materials necessary for the firefighters to complete their mission, reporting to the Chief of the Department.
10. In 2001, openings occurred for the rank of Captain due to retirement and promotion.
11. According to the governing collective bargaining agreement, the opportunity was duly posted and a written test was administered during 2001.

# Exhibit L

12. Following the scoring of the written examination, oral examinations were administered.
13. At the time of the Captain's exam in 2001, I held the rank of Lieutenant and but held the position of Acting Deputy Chief because of personnel changes in the Department.
14. I took the written and oral exams but after the calculation of all of the relevant points, I did not score in the top four.
15. Based on my overall score, I could not have been considered for promotion to Captain.
16. I was present during a meeting of the Board of Public Safety on July 11, 2001 at which the decision would be made to promote two individuals to the rank of Captain.
17. I was present at the public and executive sessions of the Board of Public Safety meeting on July 11, 2001.
18. At the July 11, 2001 meeting in executive session, the top four (4) names were presented to the Board in the order of their cumulative scores, highest to lowest, but the actual scores were not presented to the Board of Public Safety.
19. On July 11, 2001, the promotion list, in order of scores, was McElroy, Hayes, Smith, and Starr.
20. At the July 11, 2001 meeting, the Board of Public Safety was presented with a portfolio of each candidate.
21. The portfolio comprised a photograph of the candidate with a one-page summary of that candidate's positive qualifications and experience.
22. The portfolio was produced by Chief Field.
23. Lt. Smith submitted a resume for consideration by the Board of Public Safety at the meeting on July 11, 2001 but it was rejected by the Board and not considered in any manner during the deliberations of the Board as to which candidates to promote to the rank of Captain.
24. At the Board of Public Safety meeting on July 11, 2001, I did not make any direct recommendation as to which person on the promotion list for Captain.
25. At the Board of Public Safety meeting on July 11, 2001, I answered questions posed by members of the Board about the candidates.
26. I have no power to promote or appoint any member of the Torrington Fire Department to any position or rank.

27. The exclusive power to promote or appoint any member of the City of Torrington Fire Department is vested in the Board of Public Safety by virtue of Article XXIX of the governing Collective Bargaining Agreement and the Charter of the City of Torrington.

28. I never promised the plaintiff that he would be promoted to the rank of Captain.

29. I have, in the past, encouraged and counseled the plaintiff with regard to job-related issues in my capacity as his superior officer and as I have done with all of my subordinates.

30. As a firefighter employed by the City of Torrington for more than 20 years, I have never believed that promotions were guaranteed to those based upon their ranking on the promotion list alone.

31. As a firefighter employed by the City of Torrington for more than 20 years, I have known that the Board of Public Safety, according to the governing Collective Bargaining Agreement, is the sole promoting and appointing authority in the City of Torrington Fire Department and does so in its complete discretion.

/s/ Jaye J. Giampaolo
JAYE J. GIAMPAOLO

STATE OF CONNECTICUT    :
                        :    *ss: Torrington*
COUNTY OF LITCHFIELD    :

Subscribed and sworn to before me this 26th day of November 2003.

/s/ Maureen Lamanna
~~Commissioner of the Superior Court/~~
Notary Public
My commission expires:

- 3 -