UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSEPH McELROY,
 Plaintiff,

VS.

CITY OF TORRINGTON, JAMES
POTTER, CAROLANN KENNEDY,
THOMAS TELMAN, ROBERT
ZORDAN, KENNNETH FUCHSMAN,
CHRISTOPHER JANCO, JAYE
GIAMPAOLO, and JOHN B. FIELD JR.,
 Defendants.

FILED
2004 MAR 10 P 12: 42
U.S. DISTRICT COURT
HARTFORD, CT.

Civil No. 3:02cv 1525 (AVC)

### MEMORANDUM OF DECISION RE THE DEFENDANTS, JAYE GIAMPAOLO AND JOHN FIELD'S, MOTION TO DISMISS

This is an action for damages and injunctive relief. The plaintiff, Joseph McElroy, alleges that the defendants wrongfully refused to promote him in violation of his rights as secured by the United States Constitution and the Constitution of the state of Connecticut. It is brought pursuant to 42 U.S.C. § 1983.

The defendants, Jaye Giampaolo and John B. Field, have filed the within motion to dismiss pursuant to Federal Rule of Civil Procedure 12 (b) (6), asserting that the complaint fails to state a claim upon which relief may be granted. Further, Field and Giampaolo argue that they are entitled to judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12 (c).

The issues presented are: 1) whether the complaint sufficiently alleges that McElroy had a protected property or liberty interest in the promotion so as to warrant the protection of the due process clause of the Fourteenth Amendment; 2) whether the complaint sufficiently alleges that Field and Giampaolo violated McElroy's right to equal protection under the Fourteenth

1

Amendment; 3) whether the complaint sufficiently alleges that Field and Giampaolo were personally involved in the alleged Constitutional violation; and 4) whether Field and Giampaolo are entitled to the affirmative defense of qualified immunity.

For the reasons that hereinafter follow, the motion to dismiss is DENIED.

## FACTS

The complaint alleges that the plaintiff, Joseph McElroy, is a citizen of the United States and resides in Torrington, Connecticut. He has been a member of the Torrington fire department for many years and currently holds the rank of lieutenant. The defendant, John Field, is the chief of the Torrington fire department and the defendant, Jaye Giampaolo, is the acting deputy chief of the Torrington fire department.

During all times mentioned in the complaint Field and Giampaolo were acting under color of the Constitution, statutes, laws, charter, ordinances, rules, regulations, customs and usages of the state of Connecticut and the city of Torrington. Furthermore, Field and Giampaolo, and the other defendants named in the complaint, acted jointly and in concert with each other. The complaint alleges that Field and Giampaolo had the duty and the opportunity to protect McElroy from the unlawful actions of the other defendants, but failed to perform that duty.

In 2001, McElroy applied for a promotion to the rank of captain. He took a promotional examination and received the highest score of all persons applying for the position. Prior to July 11, 2001, the policy for all officer promotions within the Torrington fire department had been to promote the qualified applicant who received the highest score on a promotional examination. McElroy also satisfied all other qualifications necessary for the position of captain. Based upon his score, qualifications, and the past standard practice of the Torrington fire department, the

2

city of Torrington and the Torrington board of public safety, the complaint alleges that McElroy had a property interest in his promotion to the rank of captain.

On July 11, 2001, the complaint further alleges that Field and Giampaolo met with the other named defendants herein, who are members of the Torrington board of public safety. They are the defendants James Potter, Carolann Kennedy, Thomas Telman, Robert Zordan, Kenneth Fuchsman, and Christopher Janco. The complaint alleges that Field and Giampaolo met in secret with these board members and decided to violate past practice and not promote McElroy, and did not disclose this fact to McElroy. Furthermore, Field and Giampaolo led McElroy to believe that he would be promoted and never warned him that he would not be promoted. Field and Giampaolo never provided McElroy the opportunity to be heard or to address the reasons for denying him the promotion. The complaint further alleges that, because there was no rational basis for treating McElroy in the above described manner, Field and Giampaolo denied McElroy the right to procedural due process of law in violation of the Fourteenth Amendment to the United States Constitution.

Finally, the complaint alleges that Field and Giampaolo treated McElroy differently from other similarly situated members of the Torrington Fire department and such disparate treatment was malicious, intentional and irrational. As a result, the complaint alleges that McElroy has suffered economic loss and emotional distress.

## **STANDARD**

When ruling on a 12 (b) (6) motion, the court must presume that all well-pleaded facts alleged in the complaint are true and draw all reasonable inferences from those facts in favor of the plaintiff. Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993). The court may consider only those facts "stated on the face of the complaint, documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." Allen v. Westpoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991). A court may dismiss a complaint at this stage only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim." Scheurer v. Rhodes, 416 U.S. 232, 236 (1974).

Giampaolo and Field have also moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12 (c). The standard applicable to a motion for judgment on the pleadings under Rule 12 (c) is identical to those for a Rule 12 (b) (6) motion to dismiss. Irish Lesbian & Gay Org. v. Giuliani, 143 F.3d 638, 644 (2d Cir. 1998). When considering a 12 (c) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from the allegations in the light most favorable to the nonmoving party. Burnette v. Carotheres, 192 F.3d 52, 56 (2d Cir. 1999). The complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-56 (1957); Frasier v. General Elec. Co., 930 F.2d 1004, 1007 (2d Cir. 1991). The issue is not whether the plaintiff will ultimately prevail but whether he is entitled to offer evidence to support the claims. Sheurer v. Rhodes, 416 U.S. 232, 236. Finally, judgment on the pleadings should be granted if the movant is entitled to judgment as a matter of law. Burns Int'l Security Servs. V. International Union, 47 F.3d 14, 17 (2d. Cir. 1995).

**DISCUSSION**

I. <u>Due Process Claim</u>

Field and Giampaolo argue that the complaint should be dismissed because it "fails to state a claim upon which relief may be granted that [they] violated [McElroy's] Fourteenth Amendment due process rights." Specifically, Field and Giampaolo argue that the complaint fails to demonstrate that McElroy had a "protected property or liberty interest" in the promotion because of the "presence of discretion on the part of the board of public safety."

McElroy responds that "the complaint alleges that the defendants deprived [him] of a property right without procedural due process of law." Specifically, McElroy argues that "the court must assume that all factual allegations of the complaint are true" and that "[b]ased upon his score, his other qualifications and the unvarying past and standard practice of the Torrington fire department. . .[he] had a property interest in his promotion to the rank of captain. . ."

In <u>Kramer v. Time Warner Inc.</u>, 937 F.2d 767, 773 (2d Cir. 1991), the court stated that when considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12 (b) (6) a court "must limit itself to the facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." Furthermore, the court "may also consider matters of which judicial notice may be taken" and "[i]f a court wishes to consider additional material, Rule 12 (b) requires it to treat the motion as one for summary judgment under Rule 56, giving the party opposing the motion notice and an opportunity to conduct necessary discovery and to submit pertinent material." <u>Id</u>. As the Second Circuit has noted "vigorous enforcement of the conversion requirement helps ensure that courts will refrain from engaging in fact-finding when considering a motion to dismiss, and also that plaintiffs are

5

given a fair chance to contest defendants' evidentiary assertions. . . " Amaker v. Weiner, 179 F.3d 48, 50 (2d Cir. 1999)

The United States Supreme Court in Board of Regents of State Colleges v. Roth, 408 U.S. 564 (1972), articulated the standard for the creation of a property interest under the due process clause. The court stated:

> Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

Id. at 577. In order to determine which interests are afforded constitutional protection "a court must look to whether the interest involved would be protected under state law and must weigh the importance to the holder of the right." Ezekwo v. NYC Health & Hospitals Corp., 940 F.2d 775, 783 (2d Cir. 1991). Furthermore, the court in Roth has explained that "[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead have a legitimate claim of entitlement to it." 408 U.S. at 577. In the case at hand the collective bargaining agreement that Field and Giampaolo rely on may not be considered at this juncture. The contents of the agreement have not been attached to the complaint, nor was the agreement attached to the complaint as an exhibit or incorporated into the complaint by reference. Rather, Field and Giampaolo incorporated the collective bargaining agreement by way of their answer and affirmative defenses.

Field and Giampaolo rely on this agreement and its provisions to argue that McElroy did not have a Constitutionally protected property right in the promotion. Because this agreement

6

cannot be considered at this juncture, this argument fails as a matter of law. McElroy alleges in the complaint that he has a protected property interest in the promotion because of his test score, his other qualifications, and the past practice of the department. Therefore, he does in fact state a claim upon which relief can be granted. Because the court concludes that the collective bargaining agreement cannot be considered, the motion to dismiss pursuant to Federal Rule of Civil Procedure 12 (b) (6) is DENIED.

II. Equal Protection Claim

Field and Giampaolo next argue that McElroy's equal protection claim "also fails…[because] McElroy does not allege he is a member of a protected class. . .[and] [a]ny discretion afforded to the promotional authority eliminates this claim." Specifically, Field and Giampaolo further urge that the plaintiff is not "a member of a 'class of one' for the purposes of his equal protection claim."

McElroy responds that "[t]he facts alleged in the complaint also clearly establish a violation of [his] right to equal protection." Specifically, he argues that he is a "class of one" and that the the "defendants intentionally treated [him] differently from other similarly situated members of the Torrington fire department. . . [and that] such treatment was malicious, intentional, and irrational."

"The Equal Protection Clause requires that the government treat all similarly situated people alike." Harlen Assocs. V. Inc. Vill. Of Mineola, 273 F.3d 494, 499 (2d Cir. 2001). In Demuria v. Hawkes, 328 F.3d 704, 706 (2d. Cir. 2003), the court explained that "a successful equal protection claim may be 'brought by a class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no

7

rational basis for the difference in treatment." (quoting <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000)).

The seminal United States Supreme Court case involving a "class of one" plaintiff is <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562 (2000). In that case the plaintiff sued the Village after it required her to grant a 33-foot easement to connect to the Village's water supply, while the other property owners only had to grant a 15-foot easement. <u>Id</u>. at 564. The plaintiff claimed that the Village's demand for this additional easement was irrational and arbitrary and was made with the intent to deprive her of her rights or in reckless regard to her rights. <u>Id</u>. The Supreme Court noted that the plaintiff's complaint could "fairly be construed as alleging that the Village intentionally demanded a 33-foot easement as a condition. . . where the Village required only a 15-foot easement from other similarly situated property owners. . . " and that "the Village's demand was irrational and arbitrary. . . " <u>Id</u>. at 565. Thus the Supreme Court concluded that "[t]hese allegations. . . are sufficient to state a claim for relief under traditional equal protection analysis." <u>Id</u>.

In the case at hand, McElroy's complaint is sufficient to state a claim for relief under Equal Protection analysis. Paragraph 20 of the complaint explicitly states "[i]n the manner described above, the defendants intentionally treated the plaintiff differently from other similarly situated members of the Torrington Fire Department, that is differently from every other top scoring and otherwise qualified application for promotion within that department. Such disparate treatment was malicious, intentional and irrational." At this juncture, the court must accept these facts set forth in the complaint as true, thus, the complaint successfully alleges that the defendants treated McElroy differently from others similarly situated, and that such

treatment was irrational.

The court cannot accept Field and Giampaolo's argument that the equal protection claim must fail because of the discretion granted to the board of public safety in the collective bargaining agreement. As discussed above, the court cannot consider that agreement because it was not attached to the complaint as an exhibit or incorporated by reference. Field and Giampaolo also argue that the existence of the matter of Hayes v. City of Torrington, No. 3:02cv 01542, is enough to negate McElroy's class of one claim. The plaintiff in the Hayes case is the individual who scored second highest on the same promotional examination. He has filed suit against the same defendants. Field and Giampaolo argue that because the causes of action are the same, and the two complaints are identical except for the fact that Hayes scored second highest, that in itself is enough to cause McElroy's class of one claim to fail. The court cannot accept this argument at this juncture. The court has already denied the defendant's motion to dismiss in Hayes v. City of Torrington, No. 3:02cv 01542 (D. Conn. Sept. 18, 2003) (order denying motion to dismiss). Therefore, the court cannot accept the argument that the presence of another lawsuit negates McElroy's "class of one" equal protection claim.

Because the court concludes that Village of Willowbrook v. Olech, 528 U.S. 562 (2000), is applicable and that the complaint sets forth sufficient facts to demonstrate an equal protection claim, the motion to dismiss is DENIED.

III. Personal Involvement

Field and Giampaolo next argue that "judgment should enter on the pleadings" because they had "no personal involvement in the final selection." Specifically, Field and Giampaolo argue that "[p]ersonal involvement is a required element of any constitutional claim" and "the

discretion to the board of public safety embodied in the collective bargaining agreement eliminates the creation of any expectation of promotion that could have been expressed to McElroy."

McElroy responds that "[t]he complaint...which must [be] accept[ed] as true for these purposes, alleges that they were so [personally] involved." Specifically, McElroy argues that "[a]ll those who actively participate in a wrongful act, by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts for their benefit, are equally liable with him. McElroy further urges that "express agreement is not necessary, and all that is required is that there should be a common design or understanding. . . " which he alleged in his complaint.

As discussed in the due process analysis, the court cannot consider the collective bargaining agreement and the language that grants the authority to the board of public safety because it is not part of the complaint. See Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991). Therefore, Field and Giampaolo's argument that the collective bargaining agreement negates their personal involvement in the alleged constitutional violation is not valid at this juncture. The complaint does allege that Field and Giampaolo acted jointly and in concert with the other named defendants. Furthermore, the complaint also alleges that Field and Giampaolo met in secret with the other defendants to deny McElroy the promotion. Therefore, since the court must accept all facts stated in the complaint as true, McElroy has properly alleged the element of personal involvement necessary for a § 1983 claim.

Because the court is limited to the pleadings and cannot consider the collective bargaining agreement, the motion to dismiss is DENIED.

## IV. Qualified Immunity

Finally, Field and Giampaolo assert "that their actions are protected by the doctrine of qualified immunity." Specifically, they urge that given "the discretion afforded to the board of public safety. . .it cannot be fairly said that [they] had 'fair warning' that their actions might violate clearly established constitutional rights. . ."

McElroy responds that the defendants "have the burden of proof" to demonstrate qualified immunity, and they did not satisfy that burden. Specifically, McElroy argues that "[t]he defendants claim that it was objectively reasonable for them to be ignorant of the law, or to be ignorant of its applicability to the facts of this case, is untenable."

In McEvoy v. Spencer, 124 F.3d 92, 97 (2d Cir. 1997), the court stated that "[t]he defense of qualified immunity shields government agents 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" (quoting Harlow v Fitzgerald, 457 U.S. 800, 818 (1982). A right is clearly established when "[t]he contours of the right [are]. . . sufficiently clear that a reasonable official would understand that what he is doing violates that right. . . [T]he unlawfulness must be apparent." Id. (quoting Anderson v. Creighton, 483 U.S. 645, 640 (1987). "In determining whether a particular right was clearly established. . . this court has considered three factors: (1) whether the right in question was defined with 'reasonable specificity'; (2) whether the decisional law of the Supreme Court and the applicable circuit court support the existence of the right in question; and (3) whether under preexisting law a reasonable defendant official would have understood that his or her acts were lawful." Jermosen v. Smith, 945 F.2d 547 (2d Cir. 1991). Finally, a defendant pleading qualified immunity on a motion to

dismiss can prevail "if the allegations in the complaint fail to state a claim of violation of clearly established law." McEvoy v. Spencer, 124 F.3d 92, 97 (2d Cir. 1997).

In the case at hand, Field and Giampaolo again rely on the language of the collective bargaining agreement to demonstrate that McElroy's rights were not clearly established. However, as discussed above, the court cannot examine or consider this document at this juncture. Similarly, Field and Giampaolo's argument that the collective bargaining agreement's language establishes that they did not have fair warning that their actions might violate established constitutional rights also fails. Thus, Field and Giampaolo have not satisfied the burden of demonstrating that McElroy's complaint fails to state a claim of a violation of clearly established law.

Therefore, because Field and Giampaolo have not satisfied the requisite elements of qualified immunity, the motion to dismiss is DENIED.

## CONCLUSION

For the foregoing reasons, the motion to dismiss the complaint (document no. 1) alleging violations of constitutional rights under 42 U.S.C § 1983 is DENIED.

It is so ordered this 9th day of March, 2004 at Hartford, Connecticut.

Alfred V. Covello
United States District Judge