UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSEPH McELROY,
  Plaintiff,

VS.

CITY OF TORRINGTON,
JAMES POTTER, CAROLANN
KENNEDY, THOMAS TELMAN,
ROBERT ZORDAN, KENNETH
FUCHSMAN, CHRISTOPHER
JANCO, JAYE GIAMPAOLO, and
JOHN B. FIELD JR.,
  Defendants

FILED 2004 JUN 22 P 2:21
U.S. DISTRICT COURT
HARTFORD, CT

Civil No. 3:02-CV-1525T (AVC)

## AMENDED RULING IN RE: JAYE GIAMPAOLO AND JOHN FIELD'S MOTION FOR SUMMARY JUDGMENT

On March 16, 2004, the court granted the defendants, Jaye Giampaolo and John Field's motion for summary judgment. In that motion, the defendants argued, and the court agreed, that the plaintiff, Joseph McElroy, failed to state a "class of one" equal protection violation resulting from the defendants' failure to promote him because he simply was not a "class of one." In this regard, one Kevin Hayes was also denied promotion and was similarly situated to McElroy in all respects. The court's reasoning was in error.

In <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000), a landowner, one Grace Olech, sued the Village of Willowbrook, claiming that the Village violated the equal protection clause of the Fourteenth Amendment when it "demanded a 33-foot easement as a condition of connecting her property to the municipal water supply where the Village required only a 15-foot easement from other similarly situated property owners." <u>Willowbrook</u>, 528 at 565. The court found that Olech had a valid "class of one" equal

protection claim, withstanding that the complaint could have been read to allege a class of five, that is, similar property owners who were subject to the same demand. The court noted that, "the number of individuals in a class is immaterial for equal protection purposes." Willowbrook, 528 U.S. at 564.

Applying these principles, the court concludes that McElroy states a "class of one" equal protection violation even though there are two members of this class, that is, McElroy and Hayes. As with every equal protection analysis, the court assesses whether McElroy and Hayes were treated differently from others similarly situated without a rational basis for the difference in treatment. Willowbrook, 528 U.S. at 564. While there is evidence that McElroy and Hayes were treated differently from "every other top-scoring candidate for promotion in the recorded history of the Torrington fire department," there is no evidence that such treatment was without a rational basis. Under the collective bargaining agreement, the board of public safety had complete discretion to promote any of the top four candidates. McElroy and Hayes were in this top group, but so were the two successful candidates, i.e., Smith and Starr. Applying a rational basis standard to the board's conduct, the court concludes that the board members did not exercise their discretion in a sufficiently arbitrary manner to contravene any equal protection guarantee.[1]

---

[1] In Peterson Enters., Inc. v. Ohio Dep't of Mental Retardation and Developmental Disabilities, 890 F.2d 416, 1989 WL 143563 (6th Cir. 1989)

2

For this reason, the defendants, Field and Giampaolo, are entitled to judgment as a matter of law on McElroy's claimed violation of his constitutional right to equal protection.

### CONCLUSION

The court's March 16, 2004 ruling granting Field and Giampaolo's motion for summary judgment (document no. 38) is amended to reflect the above reasoning only. The judgment of the court remains undisturbed.

It is so ordered, this 22nd day of June, 2004, at Hartford, Connecticut.

Alfred V. Covello
United States District Judge

---

(unpublished *per curiam*) the court concluded that the plaintiffs were not denied equal protection because under state guidelines, the defendant had significant discretion in selecting contract recipients.

3