UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 JUN 22 P 2: 21

U.S. DISTRICT COURT
HARTFORD, CT.

| | |
|---|---|
| JOSEPH McELROY,<br>   Plaintiff, | : <br> : <br> : |
| VS. | : <br> : |
| CITY OF TORRINGTON,<br>JAMES POTTER, CAROLANN<br>KENNEDY, THOMAS TELMAN,<br>ROBERT ZORDAN, KENNETH<br>FUCHSMAN, CHRISTOPHER<br>JANCO, JAYE GIAMPAOLO, and<br>JOHN B. FIELD JR.,<br>   Defendants | : Civil No. 3:02-CV-01525 (AVC)<br> : <br> : <br> : <br> : <br> : <br> : <br> : |

### RULING ON THE DEFENDANTS', CITY OF TORRINGTON, JAMES POTTER, CAROLANN KENNEDY, THOMAS TELMAN, ROBERT ZORDAN, KENNETH FUCHSMAN AND CHRISTOPHER JANCO'S MOTION FOR SUMMARY JUDGMENT

This is an action for damages and injunctive relief brought pursuant to 42 U.S.C. § 1983. The plaintiff, Joseph McElroy, alleges that the defendants denied him promotion to the rank of captain of the Torrington fire department in violation of his rights as secured by the Fourteenth Amendment to the United States Constitution and the constitution of the state of Connecticut.

The defendants, the city of Torrington and the individual members of the Torrington board of public safely, James Potter, Carolann Kennedy, Thomas Telman, Robert Zordan, Kenneth Fuchsman and Christopher Janco, have filed the within motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, asserting that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law.

The issue presented is whether McElroy has raised a genuine issue of material fact as to whether the defendants violated his right to the equal protection of the laws under the Fourteenth Amendment.

For the reasons that hereinafter follow, the court concludes that the plaintiff has failed to state an equal protection violation as a matter of law. The motion for summary judgment is, therefore, GRANTED.

**FACTS**

Examination of the complaint, affidavits, pleadings, Local Rule 56 statements, and exhibits accompanying the motion for summary judgment, and the responses thereto, disclose the following undisputed, material facts. The city of Torrington fire department is supervised by the board of public safety. The members of the board of public safety are James Potter, Carolann Kennedy, Thomas Tellman, Robert Zordan, Kenneth Fuchsman, and Christopher Janco. All are named as defendants in this action.

In early 2001, two vacancies became available for the position of captain in the department. Pursuant to the procedures mandated by a collective bargaining agreement, the department posted notices of the vacancies and administered written tests to the individuals who were eligible to take the exam. McElroy, the plaintiff, was among the individuals eligible to take the test. Candidates who passed the written examination with a minimum passing grade of sixty percent became eligible to take an oral examination. McElroy was among these individuals.

Thereafter, the department calculated and posted the scores, which included points awarded for seniority. The plaintiff had the highest score, followed by lieutenants Kevin Hayes, Edward Smith, and David Starr, respectively. According to the collective bargaining agreement, any two of the four top scoring candidates were eligible for the position of captain.

The collective bargaining agreement is an agreement between Local 1567 A.I.F.F.-A.F.L.-C.I.O. and the city of Torrington. The agreement governs the relationship between the city of Torrington and the firefighters who are members of the bargaining unit. Both McElroy and Hayes are members of Local 1567, and are familiar with the agreement.

The relevant portion of the agreement, Article XXIX, entitled Appointments and Promotions, states in Section 1 that: "[a]ll promotions and appointments to the Department shall be made by the Board of Public Safety." The agreement then stipulates the procedures for posting the positions, examinations, and calculations of final scores, as discussed above. Section 1e of this Article mandates that: "[t]he top four (4) applicants' names shall be submitted to the Board of Public Safety in order of their scores and said Board of Public Safety shall select any one (1) of said candidates and appoint to the position forthwith."

On July 11, 2001, the board of public safety held a meeting to decide who to promote to the rank of captain. The candidates were lieutenants Hayes, McElroy, Smith and Starr. At this meeting, the board reviewed the names of the four

3

eligible candidates in the order of their scores, but the board did not review their actual scores. The board also reviewed a portfolio of each candidate, comprised of a photograph and a one page summary of the candidate's qualifications and experience. The board promoted Smith and Starr after making the determination that those individuals were best qualified to increase the morale level in the department and provide the most competent leadership in those positions in the department.

Both Hayes and McElroy filed grievances supported by their union. The chief of the department, the defendant John B. Field, denied the relief requested therein. After the grievance denial, McElroy and Hayes, and their union, sought to arbitrate the matter before the Connecticut Board of Mediation and Arbitration, an agency of the Connecticut Department of Labor. As of June 17, 2004, the grievances are still pending before this entity.

Thirteen months after the Board's decision to promote Smith and Starr, both McElroy and Hayes filed lawsuits in the United States District Court for the District of Connecticut. Both lawsuits named the same defendants, made the same allegations, and advanced the same legal theories. The two complaints were virtually identical. Both Hayes and McElroy are aware of each other's lawsuits, and share the same attorney.

On March 16, 2004, this court granted two of the named defendants herein, chief John B. Field and deputy chief Jaye Giampaolo, motions for summary judgment.

4

**STANDARD**

Summary judgment is appropriately granted when the evidentiary record shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c). In determining whether the record presents genuine issues for trial, the court must view all inferences and ambiguities in a light most favorable to the non-moving party. See Bryant v. Maffacci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 112 S. Ct. 152 (1991). A plaintiff raises a genuine issue of material fact if "the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Rule 56 "provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Liberty Lobby, supra, at 247-48 (emphasis original). The Supreme Court has noted that:

> Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.

Celotex v. Catrett, 477 U.S. 317, 327 (1986). "One of the principal purposes of summary judgment rule is to isolate and dispose of factually unsupported claims . . . it should be interpreted in a way that allows it to accomplish this purpose." Celotex v. Catrett, 477 U.S. 317, 323-324 (1986).

5

**DISCUSSION**

1. <u>Equal Protection Claim</u>

The city of Torrington and the defendant members of the board of public safety argue that "[t]o the extent . . . that plaintiff asserts a claim of denial of his rights of equal protection under the law, [McElroy's] claim must fail." Specifically, the defendants argue that McElroy cannot maintain an equal protection claim because "[McElroy] has not asserted any basis for a claim that there was any intentional, arbitrary treatment by the undersigned defendants, nor that he is part of a protected class, nor that he was treated differently from others similarly situated, nor that defendants' actions lacked a rational basis."

McElroy concedes that he is not a member of a protected class, but nevertheless maintains that he can prove a "class of one" equal protection claim because "[t]he evidence supports the claim that the defendants intentionally treated [him] and Hayes differently from every other top-scoring candidate for promotion in the recorded history of the Torrington fire department . . .and that they have no rational basis for this disparity." McElroy further states that the relevant comparators for both McElroy and Hayes are "all the other members of the department whose promotions have been based solely on their scores on the promotional examinations." In sum, McElroy argues that the agreement to the contrary notwithstanding, promotions in the past always went to the person with the highest score.

6

The United States Supreme Court has repeatedly held that "[t]he Equal Protection Clause requires that the government treat all similarly situated people alike." City of Cleburne Living Ctr., 473 U.S. 432, 439 (1985). To prove an equal protection violation, claimants must prove purposeful discrimination directed at an identifiable or suspect class. Giano v. Senkowski, 54 F.3d 1050, 1057 (1995). The Second Circuit has further explained that a person may maintain an equal protection claim even if that person is not a member of an identifiable class. Harlen Associates v. Inc. Village of Mineola, 273 F.3d 494, 499 (2001). This is known as a "class of one" equal protection claim, a claim that is recognized so long as one or more individuals[1] are "subjected to invidious discrimination at the hands of government officials." Id.

The United States Supreme Court articulated the standard for a "class of one" equal protection cause of action in Village of Willowbrook v. Olech, 528 U.S. 562 (2000). In this case the plaintiff sued the village after it required her to grant a 33-foot easement to connect to the Village's water supply, while requiring the rest of the property owners to grant only a 15-foot easement. Willowbrook, 528 U.S. at 563. The United States Supreme Court stated that: "[o]ur cases have recognized successful equal protection claims brought by a "class of one," where

---

[1] In Village of Willowbrook v. Olech, the court noted that "[w]hether the complaint alleges a class of one or of five is of no consequence because . . . the number of individuals in a class is immaterial for equal protection purposes." 528 U.S. 562, 564 (2000).

7

the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is <u>no rational basis for the difference in treatment</u>." <u>Willowbrook</u>, 528 U.S. at 564 (emphasis added).

In <u>Peterson Enters., Inc. v. Ohio Dep't. of Mental Retardation and Developmental Disabilities</u> 890 F.2d 416, 1989 WL 143563 (6th Cir. 1989) (unpublished *per curiam*), the plaintiff, a contractor, submitted a bid with the defendant, Ohio Department of Mental Retardation, seeking a contract to build special facilities for mentally impaired individuals. When the defendant rejected the plaintiff's bid, the plaintiff sued, alleging an equal protection violation. Specifically, the plaintiff alleged that, because the defendant had awarded contracts to other bidders whom, unlike the plaintiff, had failed to comply with a number of contract specifications, selecting other bidders denied the plaintiff equal protection of the laws. <u>Peterson</u>, 1989 WL 143563 at *3. The court disagreed, concluding that the plaintiffs were not denied equal protection because under state guidelines, the defendant had significant discretion in selecting contract recipients. "Thus, applying a rational basis standard to the alleged conduct, . . . [the court] conclude[d] that [the] [d]efendant did not exercise [its] discretion under the award procedures in a sufficiently arbitrary manner to contravene any equal protection guarantee." <u>Peterson</u>, 1989 WL 143563 at *3.

McElroy argues that he and Hayes were treated differently without a rational basis from "every other top-

8

scoring candidate for promotion in the recorded history of the Torrington Fire Department." While there is evidence that McElroy and Hayes were treated differently, there is no evidence that such treatment was without a rational basis. Under the collective bargaining agreement, the board of public safety had complete discretion to promote any of the top four candidates. While McElroy and Hayes were among the top four candidates, so were the two successful candidates, Smith and Starr. The board promoted Smith and Starr after making the determination that those individuals were best qualified to increase the morale level in the department and provide the most competent leadership in those positions in the department. Applying a rational basis standard to the board's conduct, the court concludes that the defendants did not excerise their discretion in a sufficiently arbitrary manner to contravene any equal protection guarantee.

   2. Due Process

   The defendants next argue that based on the undisputed material facts, the plaintiff's procedural due process claim fails to state a claim upon which relief may be granted. Specifically, the defendants argue that "there is no recognized property interest identified by the plaintiff and, therefore, plaintiff's claim must fail."

   In the plaintiff's brief in opposition to the defendant's motion for summary judgment on page three, the plaintiff has withdrawn the claim of denial of procedural

9

due process of law. Consequently, summary judgment is GRANTED on the procedural due process claim.[2]

## CONCLUSION

For the foregoing reasons, the city of Torrington, James Potter, Carolann Kennedy, Thomas Telman, Robert Zordan, Kenneth Fuchsman and Christopher Janco's motion for summary judgment (document no. 33) is GRANTED.

It is so ordered, this 22nd day of June, 2004, at Hartford Connecticut.

Alfred V. Covello
United States District Judge

---

[2] Because the court has concluded that the plaintiff has failed to state a violation of the Constitution as a matter of law, the court does not address the defendants' final argument that they are entitled to the defense of qualified immunity.